# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEMBRLEY SPURLIN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of
Social Security

    Defendant.
_____/

Case No. 06-14770

HONORABLE DENISE PAGE HOOD
Magistrate Steven D. Pepe

## MEMORANDUM OPINION AND ORDER
## ACCEPTING REPORT & RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Steven Pope's Report and Recommendation ("Report") dated August 22, 2007. In his Report, Magistrate Judge Pope recommends that Plaintiff's Motion for Summary Judgment (Dkt. #12, filed on March 8, 2007) be denied and that Defendant's Motion for Summary Judgment (Dkt. #14, filed on April 9, 2007) be granted.

**II.    BACKGROUND[1]**

In January 2003, Plaintiff Kembrley Spurlin applied for disability insurance benefits and supplemental security income, alleging disability since November 2002. Her complaint was denied upon initial review. An administrative hearing was held on November 8, 2005. On February 17, the Administrative Law Judge ("ALJ") issued his Opinion, which concluded that Plaintiff was not

---

[1]The Report and Recommendation sets forth a detailed presentation of the facts underlying this case. (*See* Report, at 2-12.) An abridged version of those facts is presented here.

disabled. The ALJ Opinion became final when the Appeal Council denied Plaintiff's request for review.

Plaintiff has a high school diploma and has performed a variety of unskilled jobs in the past. She is the primary caregiver for four sons. With the help of her children, she performs various domestic activities including cooking, washing and shopping. At the time of the ALJ hearing, Plaintiff was thirty-two years old.

Plaintiff has a history of lower back and leg pain resulting from degenerative disc disease of the lumbar spine. Diagnostic testing has revealed disc bulging and associated mild canal stenosis. This condition is relatively stable with no signs of ongoing deterioration. Doctors have treated Plaintiff's condition with medication, physical therapy and steroidal injections. Plaintiff is able to walk and climb stairs. Because of Plaintiff's lower back pain, she has trouble sleeping.

Plaintiff suffers from depression. Her depression likely stems from a lack of social and financial support. Plaintiff's depression is mild and does not pose difficulties with respect to her social functioning or concentration. Plaintiff has also been diagnosed with migraine cephalgia. She complains of daily, global headaches for which she has requested and received medication. Plaintiff says that she is unable to work because of back pain, depression, headaches, and medication side-effects. However, no objective medical evidence supports this assertion.

### III. STANDARD OF REVIEW

#### A. Report and Recommendation

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(B)(1).

#### B. Administrative Law Judge Decisions

A district court's review of the ALJ is limited to determining whether there is substantial evidence in the record to support the ALJ's findings. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986)). If the ALJ's decision is supported by substantial evidence, a reviewing court must affirm. *Id.* Substantial evidence means relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* (citing *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). The ALJ's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. *Id.* (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

**IV. APPLICABLE LAW**

The ALJ denied Plaintiff's applications for disability insurance benefits and supplemental security income, concluding that Plaintiff retains the capacity to work. In reaching this conclusion, the ALJ did not attribute significant weight to Plaintiff's testimony about the severity of her pain and discomfort. Although the ALJ took note of the objective medical evidence which demonstrated Plaintiff's history of degenerative disc disease, spinal stenosis, post-surgery complication with her left hand, adjustment disorder and major depression, the ALJ found the effects of those conditions to be "mild." (ALJ Op., at 4.) Plaintiff's subjective descriptions of her pain and discomfort, although considered by the ALJ, (*id.*, at 5,) were not sufficiently credible to affect the ALJ conclusion. The ALJ decision reads, in pertinent part:

> [T]he Administrative Law Judge finds the claimant's allegations of disability as not substantially credible to the extent it is maintained that the claimant is unable to perform sustained work related activity.

(ALJ Op., at 5.) The ALJ primarily based this credibility determination on the Plaintiff's testimony regarding her domestic activities. Based upon her testimony, the ALJ noted that:

> [D]espite the above difficulties [pain, discomfort, and depression], the claimant is the

3

> primary caregiver for four boys ages 7 to 13. The claimant also testified that she is able to perform cooking and shopping duties for the household and drives her children to school each day. The claimant's children reportedly help her with the laundry and other household chores. Furthermore, the claimant assists her children with their school work. The claimant also regularly reads and watches television for entertainment.

(*Id.* at 4.) Relying on the testimony of a vocational expert, the ALJ ultimately concluded that Plaintiff "retains the residual functional capacity to perform a significant range of simple, routine and repetitive sedentary work activity."[2] (*Id.*)

In her Motion for Summary Judgment, it appears that Plaintiff challenges the ALJ Opinion on three[3] grounds. First, Plaintiff argues that the ALJ placed too much weight on the testimony of the vocational expert, because the hypothetical questions posed to the expert did not account for all of Plaintiff's impairments. Second, Plaintiff contends that the ALJ improperly used her caregiving testimony to negate her complaints of pain and discomfort. Third, Plaintiff maintains that the ALJ should have afforded greater weight to her testimony regarding headaches and the side effects of medication.

The Report recommends affirming the decision of the ALJ because the ALJ's finding that Plaintiff can perform a range of sedentary jobs "is supported by substantial evidence." (Report, at 17.) Although the Report notes that the ALJ "could have done a more thorough credibility analysis," it nevertheless concludes that the decision "is minimally sufficient to avoid a reversal." (*Id.*) The Report goes on to cite five additional facts in the record not mentioned by the ALJ, which bolster the ALJ's decision. The Report finds it significant that: 1) none of Plaintiff's doctors

---

[2]A host of restrictions accompanied this determination. For example, it was determined that Plaintiff could not lift more than ten pounds, sit for more than six hours, stand or walk for more than two hours of an eight-hour work day. (ALJ Op., at 7.) Plaintiff also required the ability to sit and stand at will, and was warned to avoid work than required occasional climbing, balancing, stooping, kneeling, crouching and crawling. (*Id.*)

[3]Although Plaintiff raises just one issue in her Motion for Summary Judgment, the Court gleans from the motion three subissues.

recommended back surgery; 2) none of Plaintiff's doctors could identify the cause of her headaches; 3) none of Plaintiff's doctors attached specific limitations to her emotional impairments; 4) none of Plaintiff's doctors recommended that she stop working or limit her activity in any way; and 5) one of Plaintiff's doctors refused to see her after perusing her medical records because he thought that her condition was mild.

The parties agree on the law which applies to this case. Because Plaintiff does not have the residual functional capacity to perform her past employment, the Secretary has the burden to show that she possesses the capacity to perform other substantial gainful activity. C.F.R. §§ 404.1520(e), (g); *Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). To meet this burden, the Secretary must find substantial evidence supporting the conclusion that a claimant has the qualifications to perform other specific jobs. *Felisky*, 35 F.3d at 1035. Substantial evidence is evidence that is more than a mere scintilla; it is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*

Testimony of vocational experts elicited in response to hypothetical questions which accurately depict a plaintiff may serve as substantial evidence that a claimant has the qualifications to perform other specific jobs. *Id.* at 1036. However, "each element of the hypothetical must accurately describe the claimant." *Id.* Stated another way, the expert "must have evaluated claimant's particular impairments as contained in the record" before answering a hypothetical question. *Podedworny v. Harris*, 745 F.2d 210, 218 (3rd Cir. 1984).

The ALJ must resolve conflicts in the evidence and decide upon witness credibility. *Felisky*, 35 F.3d at 1035 (citing *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987)). When evaluating a claimant's assertions of disabling pain, the Sixth Circuit applies the *Duncan* test. *Duncan*'s threshold requirement is a showing of objective medical evidence of an underlying medical condition. *Duncan*, 801 F.2d at 852. Next, the ALJ must determine if one of the following

7

conditions exist: whether the objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it could reasonably produce the alleged pain. *Id.* Since symptoms can sometimes suggest a greater severity of impairment than objective medical evidence alone, the ALJ may not reject a plaintiff's pain intensity and persistence claims simply because they are unsupported by objective medical evidence. *Felisky*, 35 F.3d at 1038. Before rejecting such claims, the ALJ must evaluate a host of factors set forth in the Code of Federal Regulations. Some of these factors include: the plaintiff's daily activities; the location, duration, frequency and intensity of plaintiff's pain; and the dosages, types and side effects of plaintiff's medications. C.F.R. § 404.1529(c)(3). The ALJ must state any reasons for rejecting a claimant's testimony as incredible. *Felisky*, 35 F.3d at 1036.

## V. ANALYSIS

The Court agrees with the Magistrate's determination that substantial evidence supports the ALJ's finding that Ms. Spurlin is able to work. The ALJ noted that Plaintiff's impairments had remained stable over the years and that they were being treated solely with conservative measures. He also noted that her mental impairments were mild and that they were essentially non-restrictive on her daily living activities. In considering the various factors under C.F.R. § 404.1529(c)(3), the ALJ stated that he rejected Plaintiff's credibility because she testified that she regularly and systematically engaged in a host of domestic activities with her sons. These findings constitute "more than a mere scintilla" of evidence supporting the ALJ's conclusion. *Felisky*, 35 F.3d at 1035.

The record reveals other findings that "a reasonable mind might accept as adequate" to support the ALJ's ultimate conclusion. *Id.* For instance, the Report notes that: none of Plaintiff's doctors recommended back surgery; none of Plaintiff's doctors could identify the cause of her headaches; none of Plaintiff's doctors attached specific limitations to her emotional impairments; and none of Plaintiff's doctors recommended that she stop working. (Report, at 18.) The Court

concludes that a reasonable mind would accept these finding as adequate to support the finding that Plaintiff is able to work.

Plaintiff's contentions that the vocational expert's hypothetical question did not accurately depict her, that the ALJ improperly discounted her credibility, and that the ALJ did not afford greater weight to her testimony regarding headaches and the side effects of medication are unavailing. These arguments, in essence, raise the claim that the record contains substantial evidence to conclude that she is disabled. The Court does not agree with this view.[4] But even if Plaintiff's assertion were true, the Court would not reverse the ALJ Opinion. A court may not reverse the ALJ's findings "merely because substantial evidence exists in the record to support a different conclusion." *Felisky*, 35 F.3d at 1035.

## VI. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Steven D. Pepe (Dkt. #15, filed on August 22, 2007) is **ACCEPTED** and **ADOPTED** as this Court's findings and

---

[4]These arguments are without merit. As to the first argument, a vocational expert is only required to review the claimant's impairments as contained in the record before testifying. *Podedworny*, 745 F.2d at 218. Here, the vocational expert did so. (R. 337.) Plaintiff cites *Walston v. Gardner*, 381 F.2d 580 (6th Cir. 1967) in support of her second argument. The *Walston* Court noted that a claimant's ability to perform simple domestic activities does not necessarily indicate that the claimant can engage in substantial gainful employment. 381 F.2d 586. However, that case is saliently distinguishable from this case. In *Walston*, the claimant only performed household chores for a short period while his wife visited relatives. 381 F.2d 584. Here, the record demonstrates that Plaintiff always performs household chores. Also, three doctors testified that Walston was unable to work. 381 F.2d 586. Here, none of Plaintiff's doctors suggested that she was unable to work. As to Plaintiff's third argument, the ALJ is not required to discuss which portions of a claimant's testimony are more credible than others; if the ALJ rejects a claimant's testimony as incredible, the ALJ need only state the reasons for doing so. *Felisky*, 35 F.3d at 1036. Here, the ALJ stated his reasons for concluding that Plaintiff's testimony was not credible. (R. 20.)

conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. #12, filed on March 8, 2007) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. #14, filed on April 9, 2007) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Dkt. #1, filed on October 23, 2006) is **DISMISSED WITH PREJUDICE**.

                                                       s/ DENISE PAGE HOOD
                                                       DENISE PAGE HOOD
                                                       United States District Judge

DATED:       November 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2007, by electronic and/or ordinary mail.

                                                         S/William F. Lewis
                                                       Case Manager